United States District Court
Southern District of Texas
**ENTERED**
January 27, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CRISTHIAN DANILO MENDOZA, | § § | CIVIL ACTION NUMBER 4:25-cv-06286 |
| Petitioner, | § § § | |
| versus | § § § | JUDGE CHARLES ESKRIDGE |
| GRANT DICKEY, *et al*, Respondents. | § § § | |

## OPINION AND ORDER ON DISMISSAL

Petitioner Cristhian Danilo Mendoza is a citizen of Honduras who entered the United States in January of 2014. Dkt 2 at ¶¶12–14. He states that he fled from Honduras due to "persecution and threats of violence against him and his family from the MS-13 gang." Id at ¶12. He also states that he was detained by ICE officers on January 26, 2014, but was then paroled into the United States under 8 USC §1182(d)(5). Id at ¶14; see also Dkt 2-1 at 25 (notice to EOIR).

On October 24, 2023, Petitioner filed an application for asylum and withholding of removal under the Convention Against Torture as a rider respondent in his mother's application. Dkt 2 at ¶15; see also Dkt 2-1 at 6–20. On November 29, 2023, the immigration court granted without prejudice Petitioner's motion to dismiss removal proceedings against him. Dkt 2 at ¶15; see also Dkt 2-1 at 29 (order on motion to dismiss).

In September 2025, Petitioner was detained by ICE after a traffic stop. Dkt 2 at ¶17. He's currently in custody at the Joe Corley Processing Center in Conroe, Texas. Id at ¶17. Removal proceedings are pending against him before

the Conroe Immigration Court. Id at ¶18. Respondents are sued in their official capacity as officers or employees of the United States and are collectively referred to as *the Government*.

Pending is a petition for a writ of *habeas corpus* and motion for temporary restraining order, by which Petitioner challenges his detention. Dkts 1 & 2. He asserts that the Government "lacks statutory authority to detain him while his removal proceedings are pending, and no removal order has been issued." Dkt 2 at ¶24. That said, no statutory provision is cited or otherwise argued with this contention.

Also pending is a motion by the Government for summary judgment. Dkt 9. It maintains that no bond hearing is required because Petitioner is an "applicant for admission" under 8 USC §1225(b)(2)(A), which provides for mandatory detention during removal proceedings. Id at 3.

This action presents the same issue of textual interpretation recently addressed and resolved by the undersigned in *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex); *Maceda Jimenez v Thompson*, 2025 WL 3265493 (SD Tex); see also *Montelongo Zuniga v Lyons*, 2025 WL 3755126 (ND Tex) (Hendrix, J). Petitioner was given opportunity to reply with distinguishing facts or grounds for reconsideration of that decision. See Dkt 8. He hasn't done so.

The construction given 8 USC §§1225 and 1226 in those cases thus controls here and forecloses Petitioner's claim for violation of the Immigration and Nationality Act. See Dkt 2 at ¶¶23–26.

The due process claim also fails. Petitioner maintains that because no final order of removal has been entered, Respondents lack statutory authority to detain him under 8 USC §1231(a)(6). See Dkt 2 at ¶¶27–35. But, as explained above, Petitioner is lawfully detained during the pendency of his removal proceedings under 8 USC §1225(b)(2)(A). And, as observed by the Supreme Court, "Detention during removal proceedings is a constitutionally permissible part

of that process." *Demore v Kim*, 538 US 510, 531 (2003) (citations omitted). As such, "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." Id at 526. Petitioner's detention thus doesn't violate due process.

The motion by the Government for summary judgment will be granted. Dkt 9. The petition for writ of *habeas corpus* will be denied. Dkt 2.

\* \* \*

In so concluding, respectful acknowledgement is given to the six other district court judges in the Houston Division who have also recently reached the statutory issue presented in this case and determined under similar circumstances in favor of §1226 over §1225. For example, see *Ortega-Aguirre v Noem*, 2025 WL 3684697 (SD Tex) (Bennett, J); *Hernandez Lucero v Noem*, 4:25-cv-03981 (SD Tex, Oct 23, 2025) (Ellison, J); *Aslamov v Bradford*, 4:25-cv-04299 (SD Tex, Oct 30, 2025) (Hanks, J); *Mejia Juarez v Bondi*, 2025 WL 3684693 (SD Tex) (Hoyt, J); *Buenrostro-Mendez v Bondi*, 2025 WL 2886346, (SD Tex) (Rosenthal, J); *Espinoza Andres v Noem*, 2025 WL 3458893 (SD Tex) (Hittner, J). One other judge in the Houston Division has determined in favor of §1225. See *Villeda Cabriales v Noem*, 4:25-cv-04908 (SD Tex, Jan 22, 2026) (Lake, J). Another three judges in this Division haven't reached decision, but two have it currently pending before them. For example, see *Romero Moreno v Tate*, 4:25-cv-04903 (SD Tex) (Hanen, J); *Martinez-Sarres v Warden*, 4:25-cv-05273 (SD Tex) (Werlein, J).

That said, until the Fifth Circuit gives a definitive interpretation, it is simply up to each district court judge to give the text his or her own best reading. And in that regard, it's also noted that the Fifth Circuit has granted a motion to consider this issue on an expedited basis. See *Buenrostro-Mendez v Bondi*, 25-20496 (cited above, per Rosenthal, J), Dkt 80-2 at 2; see also *Covarrubias v*

3

*Vergara*, 25-40701 (per Kazen, J, SD Tex, Laredo Division), Dkt 83-2 at 2.

If decision from the Fifth Circuit enters that is contrary to the ruling here and in *Montoya Cabanas v Bondi*, 2025 WL 3171331, (SD Tex), Petitioner may freely seek leave to file a motion for reconsideration on an expedited basis, if desired. Or he may initiate a separate petition.

\* \* \*

The motion for summary judgment by the Government is GRANTED. Dkt 9.

The petition for a writ of *habeas corpus* by Petitioner Cristhian Danilo Mendoza is DENIED. Dkt 2.

This action is DISMISSED.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on January 27, 2026, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge

4